**Mildred Brooks MOLLEY et vlr, Appellants,**

v.

**C. E. JAMES et al., Appellees.**

**No. 6757.**

Court of Civil Appeals of Texas.

Beaumont.

Feb. 18, 1965.

Rehearing Denied March 17, 1965.

John H. Benckenstein, Beaumont, for appellants.

Hustmyre, Harris & Dorman, Orange, for appellees.

PARKER, Justice.

This suit was brought by C. E. James, father of George Edward James, a minor, and Vertis Wagner, guardian ad litem of said minor, against Mildred Brooks Molley and husband, Joe Molley, Jr., for injuries received by said minor and damages to the father as a result of a collision between a motorcycle driven by the minor and an Oldsmobile station wagon driven by Mildred Brooks Molley. The trial before a jury resulted in a judgment against Mildred Brooks Molley and her husband, Joe Molley, Jr., for $7,500.00.

Mildred Brooks Molley and husband, Joe Molley, Jr., will be designated herein as appellants or by name. The plaintiffs below will be designated as appellees here or by name.

In response to special issues submitted to the jury, it found:

(a) That Mrs. Molley failed to keep her car under proper control just prior to the collision which was negligence and a proximate cause of the collision.

(b) That Mrs. Molley failed to give appropriate warning that she was going to stop her vehicle which was negligence and a proximate cause of the collision.

(c) That Mrs. Molley failed to keep a proper lookout which was a proximate cause of the collision.

(d) That Mrs. Molley stopped her automobile at a place other than an intersection which was negligence and a proximate cause of the collision.

(e) That George James suffered damages of $7,500.00 as a result of injuries caused by negligence of Mrs. Molley.

(f) That George James was not following Mrs. Molley's automobile more closely than was reasonable and prudent.

(g) That George James did not fail to keep a proper lookout.

(h) That George James did not fail to have his motorcycle under proper control.

(i) That it was not an unavoidable accident.

(j) That George James' father, C. E. James, knew his said minor son did not have a license to drive the motorcycle; C. E. James was negligent in entrusting the motorcycle to his son knowing his son did not have a license to drive it.

Appellants' first 41 of their 43 points of error urge there is no evidence, insufficient evidence or that the evidence is so contrary to the great weight and preponderance of the evidence as to be clearly wrong to support the jury's findings set forth in (a), (b), (c), (d), (e), (f), (g), (h) hereinabove. There were only two witnesses to this collision—Mrs. Molley and the minor, George James. The jury believed George. There

was a third witness, Mrs. Marie Broussard, but she did not see the accident and her testimony was limited to what she saw after the accident. We shall first consider the evidence bearing upon the "no evidence" points of error urged by appellants—that is to say, the evidence favorable to appellees: George James, 15 years old at the time of the collision, was driving a motorcycle. On August 17, 1962, George on his motorcycle followed his father, who was driving a Ford truck eastward on MacArthur Drive, which is a four-lane street in Orange, Texas, running east and west with an esplanade in the middle of the four lanes. George was two or three car lengths behind his father, both traveling east about 40 miles per hour in the inner or north lane. Mrs. Molley was driving a station wagon on MacArthur Drive in an easterly direction in the outer or south lane. As George followed his father down MacArthur Drive, George's father suddenly turned into the right hand lane. After George's father had completed turning into the outside lane, George could see down the inner lane of MacArthur Drive to the Bayou Bridge which was several hundred feet past the place of collision. There was no obstruction to hinder his visibility down the inner lane of MacArthur Drive. He was looking down the clear lane in front of him when Mrs. Molley's car suddenly appeared in his traffic lane, immediately stopping at a place other than an intersection. (It is undisputed that the appellant, Mrs. Molley, stopped at a place other than an intersection.) Mrs. Molley failed to give any warning of her intention to stop in front of George on a busy thoroughfare at a place other than an intersection. There was no avenue of escape for George. The esplanade was to his left and there was a car traveling to his right in the outer lane. George applied his brakes as soon as Mrs. Molley stopped in front of him but was unable to stop before hitting the rear end of her station wagon. Mrs. Molley admitted that she observed George in her rear view mirror and that he was not doing anything dangerous; that

he was not violating any law. She stated that she "just felt like getting in the left hand lane", and further stated, "I just drive where I feel like driving when I go down the road." This is not a case of George's following Mrs. Molley "too closely". George was following his father up until the time his father suddenly turned into the right hand lane. Immediately after this happened, Mrs. Molley suddenly appeared in the lane in which George was traveling.

George was injured in the collision and hospitalized. One of his legs was broken in four places. His left thumb was nearly torn from his hand. He was kept under sedation some three weeks while he was in the hospital, which could only mean that he was suffering pain. In the back of his leg the bone was pushed in such a manner that he is unable to squat down without suffering pain. Because of such pain he could not work in that position at the time of trial, some two years after the accident.

All of appellants' "no evidence" points of error are overruled. Considering the entire record, and not just the evidence in favor of appellees, each and all of appellants' points of error to the effect that the evidence is insufficient to support the jury's findings above detailed are overruled. Further, appellants' points of error urging that such findings of the jury in answer to such special issues are so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly wrong are overruled.

Appellants' points of error contending that the jury's finding of damages in the sum of $7,500.00 is so excessive as to indicate that the jury was influenced by passion, prejudice or other improper motive is baseless and, accordingly, overruled. Likewise, appellants' point of error contending such finding of $7,500.00 damages is excessive is overruled.

Judgment of the trial court affirmed.